UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-4366-KK-MBKx** | Date: | May 22, 2025 |
|---|---|---|---|

| Title: | *Joshua Meadors v. The People of the State of California et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

|   Noe Ponce   |   Not Reported   |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Duplicative**

On January 22, 2025, petitioner Joshua Meadors ("Petitioner") filed a Petition for Writ of Habeas Corpus against respondents The People of the State of California, Zahra Bazmjow, State Bar of California, Givonn Bartoletti, and Kathryn Oiszewski.  See Joshua Meadors v. The People of the State of California, 25-CV-00592-KK-MBK.  Plaintiff challenges his convictions for assault in case numbers 24CMCF01793 and TA14809901 in the Los Angeles Superior Court and seeks release from custody.

On May 12, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus against respondents The People of the State of California, Judge Debra A Cole, Zahra Bazmjow, Catherine Gronof, Matthew Kaestner, and Katherine Olszewski.[1]  ECF Docket No. 1.  While styled as a Section 1983 civil rights complaint, Plaintiff, once again, challenges his convictions for assault in case numbers 24CMCF01793 and TA14809901 in the Los Angeles Superior Court and seeks release from custody.  Id.  Therefore, the Court construes the instant action as a habeas petition.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) ("In cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim, we have said that the district court should treat the complaint as a habeas petition.").

---

[1] The Court notes the only proper respondent is the "warden who has physical custody of [Petitioner.]"  Oster v. United States, 763 F. Supp. 3d 935, 938 n.1 (C.D. Cal. 2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)).

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk NP

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing **no later than fourteen (14) days from the date of this Order** why this action should not be dismissed as duplicative.  **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice**.

**IT IS SO ORDERED**.