UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-4366-KK-MBKx** | Date: | June 24, 2025 |
| Title: | *Joshua Meadors v. The People of the State of California et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order DISMISSING Action**

On January 22, 2025, petitioner Joshua Meadors ("Petitioner") filed a Petition for Writ of Habeas Corpus against respondents The People of the State of California, Zahra Bazmjow, State Bar of California, Givonn Bartoletti, and Kathryn Oiszewski. See Joshua Meadors v. The People of the State of California, 25-CV-00592-KK-MBK. Petitioner challenges his convictions for assault in case numbers 24CMCF01793 and TA14809901 in the Los Angeles Superior Court and seeks release from custody. Id.

On May 12, 2025, Petitioner filed the instant action against respondents The People of the State of California, Judge Debra A Cole, Zahra Bazmjow, Catherine Gronof, Matthew Kaestner, and Katherine Olszewski.[1] ECF Docket No. ("Dkt.") 1. While styled as a Section 1983 civil rights complaint, Plaintiff, once again, challenges his convictions for assault in case numbers 24CMCF01793 and TA14809901 in the Los Angeles Superior Court and seeks release from custody. Id.

In light of the claim and relief sought in the instant Petition, the Court construed the instant action as a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) ("In cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim, we have said that the district court should treat the complaint as a habeas petition.").

---

[1] The Court notes the only proper respondent is the "warden who has physical custody of [Petitioner.]" Oster v. United States, 763 F. Supp. 3d 935, 938 n.1 (C.D. Cal. 2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)).

  Accordingly, on May 22, 2025, the Court issued an Order to Show Cause ("OSC") as to why the action should not be dismissed as duplicative.  Dkt. 5.  Petitioner was ordered to file a response no later than June 5, 2025.  Id.  Petitioner was specifically warned that failure to timely file a response to the OSC would result in the action being dismissed without prejudice.  Id.

  To date, Petitioner has not filed a response to the Court's OSC.  Thus, this action is **DISMISSED WITHOUT PREJUDICE**.  (JS-6)

  **IT IS SO ORDERED**.